October 15, 2005

Judge Huvelle

Petitioner has exhausted his *Let this be filed 10/17/05* Remedies in Superior Court for the District of Columbia pursuant to motion §23-110 of these same constitutional issue's.

Judge Jeannette J. Clark Law Clerk Alyssa Gowens would not let me into court, But forwarded my motion to the United States Attorney's Office 555 4th St. N.W. Washington D.C. 20530: and appointed me a lawyer Marc Reader, 419 7th Street N.W. Suite 401 Wash D.C. 2004 in this case F13538-89

respectfully submitted
by David McClen pro-se

er letter Date September 28, 2005
e these statements pursuant to
§1746; that they are true

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PETITIONER                          CASE NO
DAVID MCLEOD                        05-1951
VS
RESPONDENT'S
UNITED STATES PAROLE COMMISSION et. al.
FEDERAL BUREAU OF PRISONS et. al.
DISTRICT OF COLUMBIA et. al.

"Addendum" MOTION TITLE 28 U.S.C § 2241
WRIT OF "HABEAS CORPUS"

Judge Huvelle

There has been a denial or infringement of the constitutional rights of Petitioner's sentence; Petitioner's sentence has ran in excess of the maximum authorized by law:
Good Time Credits Act § 24-206 controls prisoner's paroled before April 11, 1987 and after 887 F. Supp 11 (D.D.C. 1995)

(1.)

Petitioner David McKee was under the sentencing guidelines of the Superior Court of the District of Columbia Et. Al. F-13538-89 1C:

The award of good time credits for good behavior and faithful performance of duties may be forfeited withheld and restored by the Director/Mayor pursuant to §24-430; only after a hearing board hears the case; there is no such board in the District of Columbia: See, 1C McKee-vs-District of Columbia Et. Al. "1999" and "2000". 114 S.Ct 2364 418 U.S. 539, 559; 408 U.S. at 489; 418 U.S. at 563-567 Also see, 1C McKee-vs-Federal Bureau of Prisons et. Al. "2002": 114 S.Ct 2364. 42 U.S.C §1997 A,(C): 42 USC §1997 C,(C): 42 U.S.C §1997 E,(B)(C):

Prisoner's on parole is still in custody time served on parole is credited toward expiration 693 A.2d 1084 (1997) App. D.C. Section §24-431(A) which extends credit for street time even upon revocation for D.C prisoner's: Good Time Credits Act is not irreconcilable, this section control's prisoner's paroled before April

(2)

originally sentenced and that would create a significant risk prolonging petitioner's incarceration; petitioner's position that such action would constitute a violation of the ex post facto clause of the federal constitution by tending to increase the measure of punishment attached to his underlying crime.

Fletcher, 391 F.3d at 251, quoting Garner 529 U.S. at 250; see also California Dept. of Corrections -vs- Morales 514 U.S. 499, 509 (1995)

Sufficient risk of increased punishment standard satisfied by significant risk of prolonged incarceration: the court should also note that neither the existence of discretion on the part of the United States Parole Commission Garner 529 U.S. at 253 nor the fact that the retroactively applied, changes at issue may be merely an amendment to internal commission policy, Id. at 256-57 defeats application of ex post facto proscriptions.

Respectfully submitted
by David McXx pro-se

(4)

Date: Oct 15, 2005