UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID MCKEE                              :
                                         :     Case No.  05-cv-01951 (ESH)
     v.                                  :
                                         :
U.S. PAROLE COMMISSION                   :
_____          :

**U.S. PAROLE COMMISSION'S OPPOSITION TO
PETITIONER'S *PRO SE* PETITION FOR WRIT OF HABEAS CORPUS**

The United States Parole Commission, through its attorney, the United States Attorney for the District of Columbia, hereby respectfully opposes Petitioner's *pro se* petition for writ of habeas corpus.  In support of its opposition, the United States submits the following:

**PROCEDURAL HISTORY**

On October 2, 1991, Petitioner was convicted of Robbery, and sentenced to a term of imprisonment of three to nine years.  *See* Attachment A (Judgment and Commitment/Probation Order).  This sentence was to be served concurrently with any other sentence Petitioner was serving at that time.  *Id*.

On November 19, 1993, Petitioner's case was before the District of Columbia Board of Parole ("Board") for consideration of Petitioner's parole eligibility.  *See* Attachment B (Notice of Board Order, November 19, 1993).  However, the Board denied Petitioner's request for parole and ordered that he be reconsidered for parole on January 6, 1995.  *Id*.  On January 23, 1995, the Board granted Petitioner parole to a detainer that was issued by the State of Maryland.  *See* Attachment C (Notice of Board Order, January 23, 1995).

On July 16, 1996, the Board issued a warrant for Petitioner's arrest based on allegations of criminal and non-criminal violations of his parole. *See* Attachments D and E (Notice of Board Order, July 16, 1996; Warrant, July 16, 1996). Petitioner was arrested on this warrant on August 20, 1996, and his parole was revoked on October 22, 1996. *See* Attachments E and F (Warrant, Notice of Board Order, 10/22/96). When the Board revoked Petitioner's parole, it ordered that petitioner be granted "reparole to supervision with an approved plan on or after 03/11/97." *See* Attachment F (Notice of Board Order, 10/22/96).

On May 29, 1997, the U.S. Attorney's Office for the District of Columbia notified the Board that defendant was rearrested on May 22, 1997, and charged with shoplifting. *See* Attachment G (Letter, 05/29/97). On June 27, 1997, the Board issued a warrant for Petitioner's arrest that was based on allegations of criminal violations of his parole. *See* Attachments H and I (Notice of Board Order, 06/27/97; Warrant).

On October 9, 1997, the Board issued an amended report which stated that Petitioner was arrested on September 19, 1997, and charged with Grand Larceny. *See* Attachment J (Memo, October 9, 1997). The Board amended its arrest warrant on November 3, 1997, by adding the new violations and converting the warrant to a detainer warrant. *See* Attachments K and L (Notices of Board Order, 11/03/97). Petitioner was arrested on December 17, 1997, his parole was revoked on February 6, 1998, and his case was continued for a diagnostic evaluation by March 6, 1998. *See* Attachments M and N (Warrant Return, 12/17/97; Notice of Board Order, 02/06/98). Petitioner was placed back on parole on April 9, 1998, and he was to enter an inpatient drug treatment program at the Blair House Treatment Program. *See* Attachments O, P, and Q (Notice of Board Order, 04/09/98; Certificate of Parole; Memo, 04/28/98).

On July 9, 1999, the Board issued another warrant for Petitioner's arrest based on allegations of criminal and non-criminal violations of his parole. *See* Attachment R (Notice of Board Order, 07/09/99).   Petitioner was arrested on the warrant on August 24, 1999, his parole was revoked on November 15, 1999, and he was ordered to be considered for re-parole by May 24, 2000.  See Attachments S and T (Warrant Return; Notice of Board Order, 11/15/99).   On June 2, 2000, the U.S. Parole Commission (Parole Commission) held a parole hearing for Petitioner.[1]  *See* Attachments U and V (D.C. Rehearing Prehearing Assessment; Hearing Summary).  On July 13, 2000, the Parole Commission issued a Notice of Action, in which it ordered Petitioner to continue to a presumptive parole on August 24, 2001, after serving 24 months .  *See* Attachment W (Notice of Action, 07/13/00).

On March 28, 2001, the Parole Commission retarded Petitioner's release on parole and ordered that a rescission hearing be held because Petitioner had been found guilty by the Disciplinary Hearing Officer of assault.  *See* Exhibit X (Notice of Action, 03/28/01).   A rescission hearing was held on July 25, 2001, where the Parole Commission rescinded Petitioner's parole date of August 24, 2001, and scheduled a presumptive parole date of October 24, 2002.  *See* Exhibit Y (Notice of Action, 07/25/01).   When Petitioner was released on parole on October 24, 2002, he was given a full term date on his sentence of April 6, 2004.  *See* Exhibit

---

[1] The National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, §§ 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131 (formerly § 24-1231) ("Revitalization Act") transferred the functions of the D.C. Board of Parole to the U.S. Parole Commission, and transferred jurisdiction over D.C. Code offenders to the Commission.

Z (Certificate of Parole, 10/24/02).[2]

On November 3, 2003, the Court Services and Offender Supervision Agency (CSOSA) notified the Parole Commission that Petitioner had violated his parole between February and July 2003, by testing positive for opiates. *See* Attachment AA (Report of Alleged Violations, 11/03/03). Consequently, the Parole Commission issued a warrant for Petitioner's arrest on December 11, 2003. *See* Attachment BB (Warrant, 12/11/03). Petitioner was arrested on this warrant on August 9, 2005. *See* Attachment CC (Warrant Return, 08/09/05). A revocation hearing was held in Petitioner's case on September 12, 2005, and his parole was revoked on October 4, 2005. *See* Attachments DD and EE (Prehearing Assessment; Hearing Summary). The Parole Commission also ordered that Petitioner not receive credit for time he had spent on parole, and it ordered Petitioner to "continue to expiration," *i.e.*, to remain in custody until his mandatory release date. *See* Attachment FF (Notice of Action, 10/04/05).[3]

## ARGUMENT

1. Petitioner's "Good Time" Credits Do Not Reduce His Sentence And They Are Forfeited Each Time His Parole Is Revoked

Petitioner claims that the U.S. Parole Commission miscalculated his statutory good time credit. Specifically, he argues that pursuant to a local law that was in place at the time of his

---

[2] In the spring of 2001, in Case Number 00-0640 (RWR), Petitioner filed a *pro se* petition for a writ of *habeas corpus*, in which he challenged the calculation of his good time credits. That motion was ultimately denied. *See* Attachment HH (Order from Judge Roberts, 11/28/01).

[3] Prior to Petitioner's revocation hearing of September 12, 2002, his full term expiration date was April 6, 2004. *See* Attachment GG (Sentence Monitoring Computation Data at p. 2). Petitioner's new full-term expiration date will be determined when he begins serving his parole revocation term at a federal correctional institution.

sentencing, Petitioner should have received 35% of time off from his sentence as statutory good time credit. Motion at 2. Thus, he argues he should only have served 65% of his sentence, and consequently he is being illegally detained. *Id*. Petitioner's claims are without merit, and they should be summarily denied because good time credits do not reduce a full-term date of a sentence, and any good time credits Petitioner earned were forfeited at the time his parole was revoked.

The good time credit that the petitioner earned while serving his sentence does not shorten his full-term sentence. It is well settled law that good time credits, such as those governed by the D.C. Good Times Credit Act of 1986, D.C. Code § 24-201.29 (formerly § 24-428), do not reduce the full term date of the sentence.[4] Rather, good time credits only set the mandatory release date if the prisoner has not been previously paroled. Good time credits are "applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole becomes mandatory." D.C. Code § 24-201.29 (formerly § 24-428(b)). Thus, these good time credits essentially affect either when a prisoner becomes eligible for release on parole or when he must be released on parole, but do not affect the full-term date of the sentence.

Moreover, it is clear, however, that once a prisoner is released on parole, good time credits do not apply to shorten his full-term date. D.C. Code § 24-404 states:

> While on parole, a prisoner shall remain in the legal custody and under the control of the Attorney General of the United States or his authorized representative until the expiration of the maximum of the term or terms specified in his sentence <u>without regard to good time allowance</u>.

---

[4]The Good Time Credit Act was repealed on August 20, 1994 but is applicable to the petitioner's sentence.

D.C. Code § 24-404 (emphasis added).

In addition, the U.S. Parole Commission has promulgated a regulation governing D.C. Code offenders which provides as follows:

> Any prisoner having served his or her term or terms less deduction for good time shall, upon release, be deemed to be released on parole <u>until the expiration of the maximum term or terms for which he or she was sentenced</u>, except that if the offense of conviction was committed before April 11, 1987, such expiration date shall be less one hundred eighty (180) days. Every provision of these rules relating to an individual on parole shall be deemed to include individuals on mandatory release.

28 C.F.R. § 2.87(b) (emphasis added). Thus, contrary to the petitioner's claim, his good time credits have no effect on the length of his sentence and do not shorten the sentence originally imposed by the court.

The petitioner further claims that the U.S. Parole Commission improperly forfeited his good time credits when his parole was revoked. Once again, the petitioner misunderstands the application of good time credits. If parole is revoked, the prisoner serves the balance of the original sentence less any good time credit "which may be earned by him <u>after</u> his return to custody." See D.C. Code § 24-406(a) (emphasis added). Thus, the petitioner is not entitled to any good time credit earned prior to his last release on parole.

More specifically, D.C. Code § 24-201.29 provides that, upon a prisoner's initial incarceration, good time credits shall be calculated "solely on the basis of the maximum term of imprisonment." However, where, as here, an order of parole has been revoked, § 24-201.29 yields to D.C. Code § 24-406, which governs the computation of good time credits on the sentence remaining after the revocation of parole. Section 24-406 dictates that a prisoner whose parole has been revoked must (unless subsequently re-paroled):

> serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him <u>after his return to custody</u>. For the purpose of computing commutation for good conduct, the remainder of the sentence originally imposed shall be considered a new sentence. (Emphasis added).

The plain language of the statute, therefore, requires that the good time credits for the petitioner's original sentence be calculated on the basis of the sentence remaining after the revocation of his parole, reduced only by institutional good time credit earned <u>after</u> his return to custody.

Moreover, there is an extensive body of case law that supports the forfeiture of the good time credits in this case. Indeed, in *Jones v. Clemmer*, 163 F.2d 852 (D.C. Cir. 1947), the Court of Appeals rejected the contention that a prisoner had achieved commutation of his sentence through good time credits earned before and during parole, stating that "any right to commutation" which the prisoner had previously earned (prior to revocation of his parole and resumption of his sentence) "was forfeited by his violation of parole." *Id*. at 853; *see also Bates v. Rivers*, 323 F.2d 311, 312 (D.C. Cir. 1963) (citing *Jones*). Likewise, the Fourth Circuit Court of Appeals, relying on District of Columbia law, has held that a prisoner's release based on good time credits, "as in the case of parole, is conditioned on good behavior," and may be "forfeited for breach of condition." *Hall v. Welch*, 185 F.2d 525, 526 (4th Cir. 1950) (citing *Bragg v. Huff*, 118 F.2d 1006 (4th Cir. 1941)). Moreover, in *U.S. Parole Commission v. Noble*, 693 A.2d 1084 (D.C. 1997), the D.C. Court of Appeals explicitly noted that the City Council had originally included a provision in the Good Times Credit Act which stated that a revoked parolee would not forfeit any good time credits earned prior to his revocation, but deleted this provision from the final version of the bill, so that re-incarcerated parolees could earn good time credits solely on the basis of the balance of the sentence after revocation of parole. *Id*. at 1091-92 & n.12; *see*

*also Teachey v. Carver*, 736 A.2d 998, 1006 n.12 (D.C. 1999) (noting that where defendant had violated parole, he had "no valid claim for restoration of good time credits"). Accordingly, the petitioner's good time credits previously earned were properly forfeited upon his prior parole revocations.

  2. Petitioner Is Not Entitled To Receive Credit For "Street Time."

Petitioner also claims that his underlying sentence has been illegally extended, and that he has not been given proper credit for the time he has already served during his sentence. Motion at 1. Consequently, Petitioner claims that the application of the Revitalization Act in his case has violated the *Ex Post Facto* clause of the Constitution. *Id*. at 2. Petitioner's claim is without merit and should be denied because his sentence is being executed in accordance with the applicable law which requires the forfeiture of what is commonly known as "street time" when a parolee's parole is revoked.

Petitioner's claim that the Commission violated his rights under the Constitution when it did not give him credit for street time fails. To the contrary, it has long been established that when a prisoner violates parole and parole is subsequently revoked, "[t]he time [the] prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a).

Indeed, in *United States Parole Commission v. Noble*, 693 A.2d 1084, 1086-87 (D.C. 1997), adopted *en banc*, 711 A.2d 85 (D.C. 1998), the District of Columbia Court of Appeals held that, under D.C. Code § 24-206(a), a parolee must forfeit all the time spent he has spent on parole if parole is revoked, *i.e.*, he must forfeit his "street time."[5] Later, in *Davis v. Moore*, 772

---

[5] After *Noble* was decided, D.C. Code § 24-206 was re-codified at § 24-406.

A.2d 204 (D.C. 2001) (*en banc*), the District of Columbia Court of Appeals held that the retroactive application of *Noble* to prisoners whose "street time" had been served before *Noble* was decided did not violate the *ex post facto* clause. *Davis*, 772 A.2d at 215-16. Thus, there is no support for Petitioner's claim that he is entitled to credit for his "street time" or that the forfeiture of his "street time" following the revocation of his parole violates his Constitutional rights.

## **CONCLUSION**

For the reasons set forth above, it is clear that Petitioner is not entitled to relief. Therefore, the government requests that Petitioner's petition for a writ of *habeas corpus* be summarily denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar Number 451-058

ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Section
D.C. Bar Number 457-078

_____/s/_____
TRICIA D. FRANCIS
Assistant United States Attorney
Special Proceedings Section
D.C. Bar No. 457-800
555 4th Street, N.W., Room 10-447
Washington, D.C. 20530
(202) 353-9870

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the U.S. Parole Commission's Opposition has been served by mail upon the petitioner, David McKee, DCDC #165-759, Correctional Treatment Facility, 1901 E. Street, S.E. Washington, D.C. 20003, this 7th day of November, 2005.

_____/s/_____
Tricia D. Francis
Assistant United States Attorney