# ATTACHMENT HH

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID McKEE,

        Petitioner,

v.                               Civil Action No. 00-640 (RWR)

MICHAEL CARR, *et al.*,

        Respondents.

**FILED**

NOV 2 8 2001

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

### MEMORANDUM OPINION

David McKee filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The sole issue remaining in this action is whether the proper calculation of good time credits toward service of Petitioner's sentence entitles him to the release from

---

[1] Petitioner was in the District of Columbia's custody and incarcerated at Lorton's Central Facility at the time he filed his initial pleading. He labeled his initial pleading a writ of mandamus, in which he named Michael Carr, a records examiner at the Central Facility, as the Respondent. The Court construed the pleading as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, in which Petitioner challenged the calculation of statutory good time credits earned toward service of his sentence. The Court issued an order to show cause why the writ should not issue. The order was served on Petitioner's custodian, the Corporation Counsel for the District of Columbia, and the United States Attorney for the District of Columbia.



- 2 -

custody that he seeks.[2] Upon consideration of the parties' pleadings and the record of this case, the petition will be denied.

Petitioner was sentenced in the Superior Court of the District of Columbia in 1991 upon conviction for robbery.[3] United States' Supplemental Opposition to the Petitioner's Petition for a Writ of Habeas Corpus, Ex. 1 (Declaration of Pavel Vosatka ("Vosatka Declaration"), ¶ 3). Petitioner was returned to custody on August 24, 1999 upon

---

[2] The United States responded to the Court's order to show cause, noting that the petition challenged neither an action on the part of the United States, nor named a federal government official or agency. Because Petitioner was in the District of Columbia's custody, the United States asserted that the Corporation Counsel, on behalf of the District of Columbia, was the appropriate party to respond to the merits of the petition. See Response of United States to Order Directing Respondents to Show Cause. The District of Columbia also responded to the show cause order, arguing that Petitioner failed to exhaust his administrative remedies, and that the D.C. Department of Corrections accurately computed Petitioner's statutory good time credit. The District's response did not include exhibits or attachments in support of its calculation, however. See Response by the District of Columbia to the Court's Order to Show Cause. Neither response adequately addressed Petitioner's challenge regarding statutory good time credits.

The Court issued an Order entered March 15, 2001 [Dkt. #23] that resolved several motions filed by Petitioner, and directed either Respondent to supplement its response to the initial order to show cause. Because Petitioner had been transferred to a Federal Bureau of Prisons facility, the Court left it to the Respondents to determine which Respondent should file a supplement. The supplement was to include, at a minimum, Petitioner's current Bureau of Prisons face sheet, a detailed explanation of the amount of good time credit Petitioner had received and is currently receiving, and evidence sufficient to support Respondent's calculation of good time credit.

[3] Petitioner was released on parole on February 13, 1995, and was arrested on a parole violator warrant executed on August 20, 1996. At that time, the remainder of Petitioner's sentence was 2,053 days. On April 7, 1997, Petitioner again was released on parole and was later arrested. As of December 17, 1997, the date on which the parole violator warrant was executed, the remainder of Petitioner's sentence was 1,822 days. Petitioner was released on parole a third time on April 28, 1998, and was arrested for violation of his parole on August 24, 1999. Petitioner was transferred from District of Columbia custody to federal custody, and was sent to FCI Allenwood, a Federal Bureau of Prisons institution, on January 25, 2001. At the time he filed the petition, Petitioner was serving this parole violator term. See United States' Supplemental Opposition to the Petitioner's Petition for a Writ of Habeas Corpus, Ex. 1 (Declaration of Pavel Vosatka ("Vosatka Declaration")), ¶ 3.

- 3 -

execution of a parole violator warrant. As of August 24, 1999, Petitioner was to serve a parole violator term of 1,688 days. Vosatka Declaration, ¶ 3. According to the Bureau of Prisons' sentence computation, Petitioner's statutory release date is March 15, 2003, with 388 days of statutory good time.[4] Id.; see also United States' Supplemental Opposition, Ex. 3 (Sentence Monitoring and Computation Data as of 04-03-2001, p. 2).

Petitioner claims that, in a footnote filed in a brief in an action before the District of Columbia Court of Appeals, the government indicated that Petitioner's full term release date was August 20, 2002, that he earned 216 days good time credit, and that his short term release date was January 16, 2002.[5] Petitioner's Supplemental Opposition to United States Petition for a Writ of Habeas Corpus, pp. 1-2. However, he neither furnished a copy of the brief nor established that this sentencing re-calculation - - among the several that had to have been made following each of his multiple re-arrests - - is the currently applicable one. Thus, his claim is insufficient to rebut the government's supported assertion that his current release date is March 15, 2003. In any event, by application of either Petitioner's or Respondents' claimed amount of good time credits, Petitioner's current custody does not appear to be unlawful. A District of Columbia prisoner is entitled to habeas relief if he establishes that his "custody is in

---

[4] By the term "statutory release date," the Court presumes that the United States means the last day of Petitioner's maximum sentence ("full term date"), *less* 388 days statutory good time credit toward service of his sentence. See United States' Supplement, Ex. 3 (Sentence Monitoring Computation Data as of 04-03-2001, p. 2).

[5] By the terms "full term release date" and "short term release date," the Court presumes that Petitioner means, respectively, the date on which he will have served his maximum sentence, and the date on which he will have served his maximum sentence *less* statutory good time credit toward service of his sentence. August 20, 2002 falls 216 days after January 16, 2002.

- 4 -

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

Petitioner does not establish his entitlement to habeas relief, and his petition will be denied. An order consistent with this memorandum will be issued this same date.

*/s/ Richard W. Roberts*
_____
RICHARD W. ROBERTS
United States District Judge

Date: 11/28/01