## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID MCKEE, | ) |
| | ) |
|     Petitioner, | ) Civil Action No. 05-1951(ESH) |
| | ) |
|     v. | ) |
| | ) |
| UNITED STATES PAROLE COMMISSION, <u>et al.</u>, | ) |
| | ) |
|     Respondents. | ) |
| | ) |

### RESPONDENT DISTRICT OF COLUMBIA'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE

Respondent District of Columbia, by and through counsel, hereby responds to the Court's Order to Show Cause, and requests that this Court dismiss the petitioner's petition against this respondent. The District of Columbia is not the proper party to this petition as it lacks statutory authority over the subject matter of petitioner's grievances. The United States Parole Commission is the proper party since petitioner is being held as a federal parole violator. In further support thereof, this respondent states as follows:

### I. Background

On or about October 4, 2005, petitioner David McKee filed a writ of habeas corpus against the United States Bureau of Prisons, the United States Parole Commission and the District of Columbia. Petitioner alleges that respondents have miscalculated his good time credit and hence his current incarceration with the Department of Corrections on a federal parole violator warrant is unlawful. See Petition for Writ of Habeas Corpus dated October 4, 2005, generally. For the following reasons, the Court's Order to Show Cause should be dismissed as to respondent District of Columbia.

## II. Argument

The proper party respondent to respond to a habeas petition is the warden who has custody over petitioner.  See United States v. Wardell Crockett, 861 A.2d 604 (D.C. 2004).  As such, the Court's Order to Show Cause should be summarily dismissed against the District as it is not petitioner's warden.  Moreover, neither plaintiff's warden, the District of Columbia nor any of its agencies have statutory authority over the subject of petitioner's grievances concerning jail time credit, parole revocation or sentence calculation.  Under D.C. Official Code § 24-131 (2001 ed.), which became effective on August 5, 1998, the United States Parole Commission assumed all duties, responsibilities and jurisdiction of the Board of Parole of the District of Columbia.  See also Crawford v. Jackson, 323 F.3d 123, 125-126 (D.C. Cir. 2003).

Mr. McKee is being held at the D.C. Jail as a parole violator pursuant to a federal warrant.  See Exhibit A, Declaration of Cheryl Warner.  According to Ms. Warner, the U.S. Parole Commission revoked Mr. McKee's parole and he is scheduled to be transferred to the Federal Correctional Institution Gilmer in West Virginia.  Id.  Because the District of Columbia does not have statutory authority over the subject matter of petitioner's grievance, i.e. parole revocation and sentence calculation, this respondent is not the proper party and is unable to grant petitioner the relief sought in his Petition.  Therefore, the Court's Order to Show Cause against the District of Columbia should be vacated, and petitioner's petition denied.

### III. Conclusion

The Respondent District of Columbia respectfully requests that this Honorable Court vacate the Order to Show Cause, and deny Petitioner's Petition for Habeas Corpus.

    Respectfully submitted,

    ROBERT J. SPAGNOLETTI
    Attorney General for the District of Columbia

    GEORGE C. VALENTINE
    Deputy Attorney General
    Civil Litigation Division


    __/s/_____
    PATRICIA A. JONES [428132]
    Chief, General Litigation Sec. IV


    __/s/_____
    MATTHEW W. CASPARI [488295]
    Assistant Attorney General
    441 Fourth Street, N.W., Sixth Floor South
    Washington, D.C. 20001
    (202) 724-6650; (202) 727-6295


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of November, 2005, a true and correct copy of the District of Columbia's Response to the Court's Order to Show Cause and proposed Order were sent by first class mail to: Mr. David McKee, Central Detention Facility, 1901 D Street, S.E., Washington, D.C. 20003.

    __/s/_____
    MATTHEW W. CASPARI
    Assistant Attorney General, D.C.