UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID MCKEE, | ) |
|       Petitioner, | ) |
| v. | ) Civil Action No. 05-1951 (ESH) |
| U.S. PAROLE COMMISSION, *et al.*, | ) |
|       Respondents. | ) |

**MEMORANDUM OPINION**

This is a habeas corpus action brought pursuant to 28 U.S.C. §2241. Petitioner, appearing *pro se*, is challenging the decision of the United States Parole Commission ("USPC") regarding his statutory good time credits and the USPC's forfeiture of his "street time" upon the revocation of his parole. Because the Court finds that the claims are without merit, the petition for writ of habeas corpus will be denied and the case dismissed.

**BACKGROUND**

On October 2, 1991, in the Superior Court of the District of Columbia, petitioner was sentenced to an imprisonment term of three to nine years based on a robbery conviction. USPC's Opposition to Petitioner's *Pro Se* Petition for Writ of Habeas Corpus ("USPC's Opp."), Attachment A. The judge ordered the sentence to be served concurrently with any other sentence petitioner was serving at the time of sentencing. *Id.* On November 19, 1993, the District of Columbia Board of Parole ("D.C. Board") denied petitioner parole and ordered that his parole eligibility be reconsidered on January 6, 1995. *Id.*, Attachment B. On that date, the D.C. Board granted petitioner parole to a detainer issued by the State of Maryland. *Id.*, Attachment C.

On July 16, 1996, the D.C. Board issued an arrest warrant for petitioner based on alleged violations of the conditions of his parole. *Id.,* Attachments D & E. Following his parole revocation hearing on November 5, 1996, the D.C. Board revoked petitioner's parole and ordered petitioner to be reparoled on or after March 11, 1997. *Id.*, Attachment F.

On May 29, 1997, the United States Attorney's Office for the District of Columbia notified the D.C. Board that petitioner had been arrested and charged with shoplifting. *Id.*, Attachment G. Based on this information, the D.C. Board issued an arrest warrant for petitioner on July 14, 1997. *Id.*, Attachments H & I. On November 3, 1997, the D.C. Board amended the parole violator warrant to include an additional arrest of petitioner in the District of Columbia on the charge of grand larceny. *Id.*, Attachments J & K.

Petitioner was arrested on the D.C. Board's warrant on December 16, 1997. *Id.*, Attachment M. On February 13, 1998, the D.C. Board revoked petitioner's parole, continued his case, and ordered a diagnostic evaluation by March 3, 1998. *Id.*, Attachment N. Petitioner was granted parole again on April 13, 1998, with the special condition that he participate in an in-patient drug program. *Id.*, Attachments O, P & Q. Petitioner was arrested for a parole violation on August 24, 1999. *Id.*, Attachments R & S. The D.C. Board revoked petitioner's parole on November 23, 1999, and ordered that he be reparoled on May 24, 2000. *Id.*, Attachment T.

On June 2, 2000, the USPC held a parole hearing for petitioner. *Id.*, Attachments U & V.[1] On July 13, 2000, the USPC ordered that petitioner be presumptively paroled on August 24, 2001, after serving a 24 month imprisonment term. *Id.*, Attachment W. However, on March

---

[1] Parole authority over D.C. Code offenders has been transferred from the D.C. Board to the USPC. *See* D.C. Code § 24-1231; *see also Franklin v. District of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998).

28, 2001, the USPC ordered that a rescission hearing be held based on a Disciplinary Hearing Officer's finding that petitioner was guilty of assaulting another inmate. *Id.*, Attachment X. As a result of this conduct, the USPC rescinded petitioner's August 24, 2001 parole date and ordered that petitioner be reparoled after the service of 14 months imprisonment. *Id.*, Attachment Y. Petitioner was paroled by the USPC on October 24, 2002, and ordered to remain on parole until April 6, 2004. *Id.*, Attachment Z.

On November 3, 2003, the Court Services and Offender Supervision Agency of the District of Columbia ("CSOSA") notified the USPC that petitioner had violated his parole conditions by repeatedly testing positive for opiates and by absconding from parole supervision. *Id.*, Attachment AA. The USPC revoked petitioner's parole on October 4, 2005, and ordered that he not receive any credit for the time he spent on parole. *Id.*, Attachment FF.

**ANALYSIS**

Petitioner contends that the USPC miscalculated the good time credits that he earned while incarcerated. He argues that at the time that he committed his offense D.C. Code violators were entitled to a 35% reduction in their sentences and that the USPC's action is a violation of the *Ex Post Facto* Clause of the Constitution because he is serving a sentence beyond that authorized when he was committed the offense.

The *Ex Post Facto* Clause prohibits retroactive application of a law which increases the punishment for a crime that an individual has already committed. *Collins v. Youngblood*, 497 U.S. 37, 42 (1990). A statute retroactively increasing the penalties upon parole revocation also would be unconstitutional. *Johnson v. United States*, 529 U.S. 694, 701 (2000). The same principle applies to an administrative regulation promulgated pursuant to statutory authority. The

3

"controlling inquiry" is whether retroactive application of the change in a parole regulation creates "a sufficient risk of increasing the measure of punishment attached to the covered crimes." *Garner v. Jones*, 529 U.S. 244, 250 (2000).

The District of Columbia law in effect at the time petitioner committed his offense, and applied by the D.C. Board and the USPC, provided that good-time credits are "applied to the person's minimum term of imprisonment to determine the date of eligibility for release on parole and to the person's maximum term of imprisonment to determine the date when release on parole is mandatory." D.C. Code § 24-221.01(formerly § 24-429.1). The statute means that once the minimum sentence, less good time, is served, an inmate is eligible for parole, and when the maximum sentence, less good time, has been served, an inmate has reached his mandatory release date. *Murray v. Stempson*, 633 A.2d 48, 49-50 (D.C. 1993). Thus, the statute only applies to parole eligibility and mandatory parole dates. There is no mention in this statute as to its application to an inmate's full-term date. Instead, another statute provides that while on parole, a prisoner remains in the custody of the Attorney General of the United States "until the expiration of the maximum of the term or terms specified in the sentence *without regard to good time allowance*." D.C. Code § 24-404(formerly § 24-204)(emphasis supplied). In petitioner's case, his full-term date is January 20, 2007. *See* USPC's Opp., Attachment DD.

Since petitioner's parole was revoked, he must "serve the remainder of the sentence originally imposed less any commutation for good conduct which may be earned by him *after his return to custody*." D.C. Code § 24-406(formerly § 24-206)(emphasis supplied). Under this statute, petitioner is eligible for good-time credits for the time he is now serving on his parole revocation term.

Petitioner has not identified how the USPC misapplied these statutes or established that he has been subject to additional punishment in violation of his constitutional rights. His claim, therefore, is without merit.

Petitioner also contends that the forfeiture of his street time by the USPC violated the *Ex Post Facto* Clause of the Constitution and extended his sentence beyond the maximum under the law. Petitioner's claim arises from decisions of the District of Columbia Court of Appeals resolving an apparent conflict between two District of Columbia statutes and the interpretation of those statutes by the District of Columbia Department of Corrections. The two statutes at issue posed an apparent conflict on the issue of street time forfeiture following a parole revocation. One statute, enacted in 1932, provided that "[i]f the order of parole shall be revoked ... [t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-206(a). In 1987, the District of Columbia enacted a statute that appeared to grant street time credit to parole offenders: "Every person shall be given credit on the maximum and the minimum term of imprisonment for time spent in custody or on parole as a result of the offense for which the sentence was imposed." D.C. Code § 24-431(a).

After being advised by Corporation Counsel that the latter statute repealed the former, the D.C. Department of Corrections promulgated a regulation providing that parole revocation would not result in the loss of street time toward service of the sentence for which parole has been granted. *See Davis v. Moore*, 772 A.2d 204, 209 (D.C. 2001). That regulation was invalidated by the decision in *United States Parole Commission v. Noble*, 693 A.2d 1084 (D.C. 1997). In that case, the District of Columbia Court of Appeals held that the law enacted in 1932 providing for loss of street time upon parole revocation was not repealed by the statute enacted in 1987. *Id.*

5

at 1095.  As a result, because the agency had erroneously granted street time credit, the Department of Corrections was required to change its method of computing a person's sentence. *Davis*, 772 A.2d at 208.   The District of Columbia Court of Appeals ruled, in a subsequent decision, that *Noble* was retroactive and therefore applied to persons who committed their offenses before the issuance of the *Noble* decision.  *See id.* at 215.

Petitioner's street time was forfeited because of a judicial decision invalidating a policy of the D.C. Department of Corrections. A judicial construction of a statute is "an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."  *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 311-12 (1994).  However, an unforeseeable  interpretation of a statute,  if applied retroactively, that increases punishment violates due process.  *Bouie v. City of Columbia*, 378 U.S. 347, 353-54 (1964).   A judicial construction of a statute is not foreseeable if it is "unexpected and indefensible by reference to the law which had been  expressed prior to the conduct at issue."  *Id.* at 354.

The decision of the D.C. Court of Appeals in *Noble* was not so unforeseeable as to amount to a due process violation.  First, the D.C. statute that required the forfeiture of street time had never  been repealed.  *See Davis*, 772 A.2d at 216.  Moreover, petitioner was on notice that at the time the Department of Corrections implemented its policy that the United States Parole Commission took a contrary view of D.C. law and continued to forfeit street time upon revocation of parole.  *Id.* at 209; *see also Johnson v. Kindt*, 158 F.3d 1060, 1063 (10th Cir. 1998)(interpreting *Noble*), *cert. denied*, 525 U.S. 1075 (1999).   And at the time  petitioner violated his parole, the only judicial decision that had addressed the issue found that the  D.C. statute providing for the forfeiture of street time had not been repealed by the subsequent D.C.

6

statute and the Department of Corrections policy. *See Tyler v. United States,* 929 F.2d 451, 457 (9th Cir.), *cert. denied*, 502 U.S. 845 (1991). For these reasons, the invalidation of the D.C. Department of Corrections' statutory interpretation did not violate the *Ex Post Facto* Clause. *See Davis,* 772 A.2d at 215-16; *accord McQueen v. United States Parole Comm'n*, 2005 WL 913151, at *2 (D.D.C, Apr. 19, 2005); *Simmons v. United States Parole Comm'n*, 2005 WL 758268, at *1-2 (D.D.C. Apr. 1, 2005); *Wade v. Figueroa,* 2005 WL 607974, at *2 (D.D.C. Mar. 15, 2005).

**CONCLUSION**

The Parole Commission did not violate petitioner's constitutional rights when it revoked his parole, and it has not miscalculated petitioner's sentence. Therefore, the petition for writ of habeas corpus will be denied. A separate order accompanies this Memorandum Opinion.

s/
ELLEN SEGAL HUVELLE
United States District Judge

DATE: November 28, 2005