UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*Let this be filed ESH 12/27/05*

PETITIONER
DAVID MCKEE

05-CV-01951
"ESH"

-VS-

U.S. PAROLE COMMISSION Et. Al.
DISTRICT OF COLUMBIA Et. Al.
FEDERAL BUREAU OF PRISONS Et. Al.

Federal Rule Civil Procedure 60(B)

YOUR HONOR

Petitioner David McKee respectfully request that his sentence of 10/2/91; Docket No F 13538-89 IC; Honorable Judge Bruce D. Beaudin Superior Court of the District of Columbia; be vacated, expunged or declared invalid for the following reasons:

(1.)

and that compensatory and punitive monetary damages be paid to petitioner see, i.e. McKee -vs- District of Columbia et. al. 00-640 (RWR) and McKee -vs- Federal Bureau of Prisons et. al. Both case's United States District Court for the District of Columbia 2002 and 2003 Both 42 U.S.C. § 1983 actions in which petitioner challenges the condition of his confinement in both case's; 44 A.L.R. 225, 251 Constitutional law § 21, § 22, § 23, § 24(A), § 14(A) respectfully

Your Honor; again there has been an extensive body of case law and statute's that govern's good-time credits for prisoner's starting from 1940's; Appellant contends that by virtue of statutory language in effect when

(2)

He was sentence 47 Stat. 697. c. 492 Sec 4 D.C. Code 1940 § 24-204 – 54 Stat 243: 304 U.S. 359: A.L.R. 808: Some were released with credit for good conduct 82 L.Ed. 1399: 68 App D.C 325: 83 L.Ed. 377 78 F.2d 468: 136 F.2d 54: 142 F.2d 737

Construed liberally Act July 17, 1947 § 5, 61 Stat, 379 D.C. Code 1940, § 24-206 Parole constitutes a form of custody Revocation framework of prisoner rehabilitation 115 U.S. App D.C 254: 68 App D.C 325, 331: 59 S.Ct. 71 Paroled prisoners are not free men 115 U.S. App D.C 254

Supreme Court Held Parole is imprisonment 263 U.S. 193, 196: Still in custody 371 U.S. 236, 242: Under the control of the Attorney General 24 D.C. Code § 204 (1961) Parolees as prisoner's 24 D.C. Code §§ 204-206: 160 P.2d at 722:

(3)

Congress has provided that they be given a deduction of sentence for good conduct and be released as though on parole in advance of the expiration of their sentence 18 U.S.C.A. § §710, §712(A), §744 It statute which grants good time allowance expressly provides that prisoner's accorded it shall be treated as if release on parole 18 U.S.C.A. §716.

Where parole board directs forfeiture of good-time allowance for breach of condition and serving out the original sentence, it does not add to sentence imposed.

The status of the prisoner until the expiration of his sentence was that of a prisoner on parole under the provisions of 18 U.S.C.A. §716(B).

(4)

which is as follows: "Prisoner's released with credit for good conduct treated as on parole until expiration of maximun term". The statute providing that prisoner's released with credit for good conduct are to be treated as on parole until expiration of maximum term is applicable to both statute relating to ordinary good-time allowance and statue relating to industrial or camp good-time allowance 18 U.S.C.A § 710, § 716(B)

Due process requirement of the constitution 819 F.2d 128 must be complied with in any procedure that deprives federal prison inmate of earned statutory good-time credits 18 U.S.C § 4161

Prior to any good-time forfeiture or revocation, a formal hearing must be convened 418 U.S. 539, 559: 408 U.S. AT 489: 418 U.S. AT 563-567

(5)

To date, Petitioner has never been informed that any of his statutory good-time credits 95 S.Ct. 735; 97 S.Ct. 280; 101 S.Ct 176, 179; were to be revoked or forfeited 110 S.Ct. 984; nor has any formal hearing been convened to address any such forfeiture or revocation 982 F.2d 611; 387 F.Supp 659; 574 F.Supp 596.

Also the United States Parole Commission does not by virtue of Title 18 U.S.C. Sec 3583(E)(3) or (H) of the Violent Crime Control Act, nor the Sentencing Reform Act of 1984, Sub, Sect 212(A)(2) 98 Stat 1999 have the authority to take street time; Congress delegated that authority, specifically to the Sentencing Court.

(6)

explicit mandatory language of specific substantive predicates require a particular outcome:

The respondent's in this caption case have made a miscalculation of Petitioner's statutory Good-Time, Parole violator term's and failing to apply the proper credits toward the service of my sentence as required by Title 28 C.F.R. Section 2.52 pursuant to Acts of Congress and in violation of the federal constitution laws or treaties of the United States 28 C.F.R. Sec 2.52 (c)(2) 1976: Your Honor not only did the U.S. Parole Commission improperly forfeited my good-time credits, they have miscalculated Petitioner's sentence in General.

(7.)

THOMPSON -VS- CRABTREE 82 F.3d 312 (9th Cir 1996) VIOLATION 18 U.S.C § 4214 (A)(1)(B) AND 18 U.S.C (1994 ed § 4214 (C)) 28 C.F.R. § 2.46 (A) WARRANT FILE ON Petitioner December 8, 2003: Petitioner Received WARRANT executed December 11, 2003 AND they never credited me that time from the executing of THAT WARRANT, violation due process

U.S. Const. Amdt. § 5, § 14, § 1 To give petitioner credit on His Federal Sentence for all time served since The WARRANT execution 853-54

Petitioner sentence was aggregated into a Federal sentence by This Revitalization Act of 1997 public law no: 105-33 § § 11231 (A)(1) 111 Stat 712, 745.

(8)

and it's regulations, policies, and procedure's has had a substantive adverse impact upon the conditions of confinement of Petitioner David McKee 44 A.L.R. 225, 251 Constitutional law § 21, § 22, § 24(A) § 23, § 14(A) § 15(A) Respectfully:

## Constitutional law § 419

The enactment of such amendment by holding Petitioner in custody beyond the outside date of the original sentence and making more onerous the punishment for a crime committed before the enactment of such amendment in violation of the ex post facto clause 429 A.2d 165: 158 Cal. Rptr. 745 97 CA 3d 506: 164 Cal. Rptr. 99: 104 CA 3d 950

(9)

"CONSTITUTIONAL LAW" § 997
"OVERBROADTH" A CLEAR AND PRECISE ENACTMENT MAY NEVERTHELESS BE OVERBROAD IF IN IT'S REACH IT PROHIBITS CONSTITUTIONALLY PROTECTED CONDUCT 33 L.Ed.2d 222; ARK. 516 S.W.2d 598; FLA. 360 SO.2d 772; MO. 616 S.W.2d 822; NM. 525 P.2d 903; OKL. 501 P.2d 529; PENAL STATUTE 360 SO.2d 772; PROHIBITION OF CERTAIN INDIVIDUAL FREEDOMS:

AND FOR THESE REASONS PETITIONER MOVE'S THIS HONORABLE COURT PURSUANT TO THE FEDERAL CONSTITUTION; TO VACATE, EXPUNGED, OR DECLARED INVALID SAID SENTENCE, AND RELEASE PETITIONER DAVID MCKOE "FOURTHWITH"

RESPECTFULLY, SUBMITTED
by D—d McK— P10-SE

DATE 12/7/05                              (10)