
# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

**No. 05-5481**                               **September Term, 2006**

DAVID MCKEE,

    APPELLANT

v.

UNITED STATES PAROLE COMMISSION, ET AL.,

    APPELLEES



UNITED STATES COURT OF APPEALS FOR DISTRICT OF COLUMBIA CIRCUIT

FILED DEC 8 2006

CLERK

MANDATE

Pursuant to the provisions of Fed. R. App. Pro. 41(a)

ISSUED: 12/8/06

BY: [signature], Deputy Clerk

ATTACHED: ___ Amending Order
    ___ Opinion
    ___ Order on Costs

Appeal from the United States District Court
for the District of Columbia
(No. 05cv1951)

Before: GINSBURG, *Chief Judge*, and SENTELLE and RANDOLPH, *Circuit Judges*.

## JUDGMENT

This appeal from the United States District Court for the District of Columbia was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(b). It is

**ORDERED** and **ADJUDGED** that McKee's motion for a certificate of appealability on his due process claim is granted and that the district court's judgment is affirmed.

McKee claims that the decision of the D.C. Court of Appeals in *U.S. Parole Commission v. Noble*, 693 A.2d 1084 (D.C. 1997), was so unforeseeable that retroactive application of the decision violates the Fifth Amendment. Because

A True Copy:
United States Court of Appeals
for the District of Columbia Circuit

By: [signature] Deputy Clerk

-2-

reasonable jurists could debate this issue, McKee is entitled to a certificate of appealability.

On the merits, we need not answer whether retroactive application of *Noble* was unforeseeable. No question of retroactivity is at issue in this case. Although "judicial enlargement of a criminal statute" may be subject to retroactivity analysis, *Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964), merely construing a statute is not. "A judicial construction of a statute is an authoritative statement of what the statute meant *before as well as after* the decision of the case giving rise to that construction." *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312-13 (1994) (emphasis added). In *Noble*, the D.C. Court of Appeals addressed an issue of first impression – namely, whether D.C. law denies street-time credits to parole violators. *Noble* provided an authoritative statement of the meaning of D.C. CODE § 24-206(a) (1981) that was consistent with the statutory language, the principle that repeals by implication are disfavored, and the other court decision to have interpreted the statute, *Tyler v. United States*, 929 F.2d 451 (9th Cir. 1991). Therefore, applying the statute as construed in *Noble* to McKee's case raises no due process issue.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. Because McKee moved during oral argument for expedited issuance of the mandate in light of his approaching release date, the clerk is directed to issue forthwith the mandate herein. *See* D.C. CIR. R. 41(a)(1).

                                         **FOR THE COURT:**
                                         Mark J. Langer, Clerk

BY: _____
                                         Deputy Clerk